IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

NICHOLE A. WALLS, on behalf of herself
and all similarly situated persons,

    Plaintiff,

v.                                                                                    No:_____

BAPTIST MEMORIAL HOSPITAL, also
known as BAPTIST MEMORIAL
HOSPITAL-MEMPHIS, a Tennessee
corporation; and
BAPTIST MEMORIAL HEALTHCARE
CORPORATION, a Tennessee corporation,

    Defendants.

## NOTICE OF REMOVAL

The Defendants, Baptist Memorial Hospital and Baptist Memorial Health Care Corporation remove to this Court the action captioned *Nichole A. Walls, on behalf of herself and all similarly situated persons v. Baptist Memorial Hospital et al.*, Case No. CH-19-0470, pending in the Chancery Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee. This action is removable under 28 U.S.C. §§ 1331 and 1441 because this action arises under federal law.

In support of their Notice of Removal, the Defendants state:

### BACKGROUND

1. On March 27, 2019, the Plaintiff commenced this lawsuit by filing a Complaint in the Chancery Court of Shelby County, Tennessee. As required by 28 U.S.C. § 1446(a), copies of all

1

process, pleadings, orders, and other papers on file in the state court action are attached as Exhibit 1. As required by Local Rule 3.1, an appropriate Form JS-44 Civil Cover Sheet is attached as Exhibit 2.

2.  The Plaintiff filed this case as a putative class action under Rule 23 of the Tennessee Rules of Civil Procedure. (Ex. 1, Compl.)

3.  Plaintiff's Complaint alleges the following causes of action on behalf of the putative class: (1) unjust enrichment; (2) negligence and negligence per se; (3) constructive fraud; (4) declaratory judgment under Tenn. Code Ann. §§ 29-14-103 and -104 and permanent injunction; and (5) punitive damages. Plaintiff also asserts an individual claim against the Defendants for alleged violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104(a) and (b).

4.  Plaintiff's central allegation is that the Defendants "engaged in a *de facto* practice of billing and collecting from its Medicare/TennCare patients amounts in excess of those amounts that Medicare/TennCare has reimbursed it for Medicare/TennCare covered medical services," and that such practices violate "federal and state law." (Compl. ¶ 18.) Plaintiff's Complaint also specifically cites federal Medicare statutes (42 U.S.C. §§ 1395cc and 1395y) and TennCare regulations (Tenn. Comp. R. & Regs. 1200-13-13-.08) allegedly violated by the Defendants.

5.  On March 28, 2019, the Defendants were served with process. (Ex. 1, Return of Service.)

6.  This Notice of Removal is filed within 30 days of service of process and is, therefore, timely under 28 U.S.C. § 1446(b).

## FEDERAL QUESTION JURISDICTION

7.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 & 1441 because this action arises under federal law.

8.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Except as otherwise expressly

provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the pace where such action is pending." 28 U.S.C. § 1441(a).

9. Federal courts have long recognized a variety of federal "arising under" jurisdiction when state-law claims implicate significant federal issues. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). This substantial-federal-question doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

10. The substantial-federal-question doctrine requires the presence of three factors: "(1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (en banc); *see also Arrington v. Medtronic, Inc.*, 130 F. Supp. 3d 1150, 1159 (W.D. Tenn. 2014). All of these factors are met here.

11. Plaintiff's state-law claims necessarily raise disputed federal issues. To the extent the claims involve Medicare beneficiaries, the Complaint raises the question of whether 42 U.S.C. §§ 1395cc and 1395y prohibit health care providers from billing and collecting any amounts in excess of what Medicare pays for covered services. The interpretation of these federal statutes is a federal issue, and the Defendants intend to dispute the Plaintiff's interpretation of these statutes.

12. To the extent the claims involve Medicaid beneficiaries, the Complaint raises the question of whether federal Medicaid statutes, including 42 U.S.C. § 1396a(a)(25)(C), prohibit health care

providers from billing and collecting any amounts in excess of what Medicaid pays for covered services. Medicaid is a system of "cooperative federalism" in which states can agree to establish Medicaid plans that satisfy the requirements of 42 U.S.C. § 1396 et seq. in exchange for federal funding. *Harris v. McRae*, 448 U.S. 297, 308 (1980). Because Tennessee has joined the federal Medicaid system, it has committed itself to following applicable federal law. Tenn. Code Ann. § 71-5-104(a) ("The department of health is hereby designated as the department to administer this part as provided in [42 U.S.C. § 1396 et seq.] . . . ."). Ultimately, federal law controls the Medicaid program in Tennessee. *See West v. Shelby County Healthcare Corp.*, No. W2012-00044-COA-R3-CV, 2013 Tenn. App. LEXIS 88, at *65 (Tenn. Ct. App. Feb. 11, 2013) (finding that where there is a conflict between TennCare regulations and federal law, federal law will govern). The interpretation of the federal Medicaid statutes is a federal issue, and the Defendants intend to dispute the Plaintiff's interpretation of these statutes and how they are incorporated in TennCare regulations.

13. A substantial federal interest is at issue. Four factors inform the substantiality of the federal interest: (1) whether the case includes a federal agency, (2) whether the federal question is important; (3) whether a decision on the federal question will resolve the case; and (4) whether a decision as to the federal question will control numerous other cases. *Arrington*, 130 F. Supp. 3d at 1162-63 (citing *Mikulski*, 501 F.3d at 570).

14. The Medicare Program is the second-largest social insurance program in the United States, with 58.4 million beneficiaries and total expenditures of $710.2 billion in 2017. BOARDS OF TRUSTEES, FEDERAL HOSPITAL INSURANCE AND FEDERAL SUPPLEMENTARY MEDICAL INSURANCE TRUST FUNDS, 2018 ANNUAL REPORT 7 (2018), available here.[1] Medicaid is also a significant

---

[1] The full URL for this source is: https://www.cms.gov/Research-Statistics-Data-and-Systems/Statistics-Trends-and-Reports/ReportsTrustFunds/Downloads/TR2018.pdf.

program. In 2016, Medicaid expenditures totaled $566 billion nationally. Medicaid.gov, What are Annual Expenditures for Medicaid & CHIP?, available here.[2] In 2017, there were over 74 million people enrolled in Medicaid and CHIP. Medicaid.gov, Who Enrolls in Medicaid & CHIP?, available here.[3] Thousands of hospitals and other health care providers participate in these programs.

15. Both Medicare and Medicaid statutes and regulations address situations where a third-party, *e.g.*, a tortfeasor, a group health plan, or a no-fault or liability insurer, may be responsible for payment of services that would otherwise be covered by Medicare or Medicaid. *See*, *e.g.*, 42 U.S.C. §§ 1395y(b) & 1396a(a)(25); 42 C.F.R. § 433.139. In FY2015, when these types of third parties were treated as primary payer (with Medicare as secondary payer), they paid out nearly $8.5 billion that would have otherwise been paid by Medicare had it been treated as primary. U.S. DEP'T OF HEALTH & HUMAN SERVS., 2016 CMS STATISTICS 28 (2017), available here.[4] The interpretation of these statutes and regulations would directly impact how providers may seek payment from these third parties, potentially impacting hundreds of thousands of claims across the country. Further, having a state courts determine a provider's duties under the federal Medicare and Medicaid statutes and regulations on which the Plaintiff purportedly relies in the Complaint creates a risk of inconsistent enforcement among the various states and the imposition of duties that vary from those imposed by the federal acts themselves.

16. If the Defendants prevail on the interpretation of these statutes and regulations, this case would be resolved.

---

[2] The full URL for this source is: https://www.medicaid.gov/state-overviews/scorecard/national-context/annual-expenditures/index.html

[3] The full URL for this source is: https://www.medicaid.gov/state-overviews/scorecard/national-context/enrollment/index.html.

[4] The full URL for this source is: https://www.cms.gov/Research-Statistics-Data-and-Systems/Statistics-Trends-and-Reports/CMS-Statistics-Reference-Booklet/Downloads/2016_CMS_Stats.pdf.

17. The state-federal jurisdictional balance is not damaged by conferring federal question jurisdiction over Plaintiff's claims. When these claims are stripped down to their essential elements, the basis of Plaintiff's Complaint is the Defendants' alleged violation of Medicare and Medicaid statutes and regulations. Medicare is generally administered by the federal government. 42 U.S.C. § 1395kk(a). Health care providers who participate in Medicare must file provider agreements with the federal government to be eligible for payment. 42 U.S.C. § 1395cc(a)(1). Medicare laws and regulations even preempt state laws in many instances. *See*, *e.g.*, 42 U.S.C. § 1395w-26(b)(3); 42 C.F.R. § 411.32(a)(1). Though participation in the Medicaid program is voluntary, once a state elects to participate, it must comply with federal statutory and regulatory requirements. *West*, 2013 Tenn. App. LEXIS 88, at *44 (citing *Harris*, 448 U.S. at 308). All of these issues belong under the scope of federal question jurisdiction. *Cf. Arrington*, 130 F. Supp. 3d at 1165 (finding no damage to the state-federal jurisdictional balance where the essence of the plaintiff's claims were a challenge to the safety and effectiveness of an FDA-regulated device).

## **MISCELLANEOUS MATTERS**

18. A copy of this Notice of Removal is being filed with the Chancery Court of Shelby County, Tennessee. (*See* Ex. 3.) Written notice of the removal of this action is also being sent to Plaintiff's counsel. (*See* Ex. 4.)

19. The Defendants have not previously attempted to remove this action.

20. Both Defendants join in and consent to the removal of this action.

21. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

WHEREFORE, notice is given that this action is removed from the Chancery Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee.

DATED this the 29th day of April, 2019.

Respectfully Submitted:

HARRIS SHELTON HANOVER WALSH, PLLC

*s/Emily Hamm Huseth*
Brett A. Hughes, BPR #18048
Emily Hamm Huseth, BPR #29192
6060 Primacy Parkway, Suite 100
Memphis, Tennessee 38119
Tel: (901) 525-1455
bhughes@harrisshelton.com
ehuseth@harrisshelton.com

*Attorneys for Defendants*
*Baptist Memorial Hospital and*
*Baptist Memorial Health Care Corporation*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail, postage pre-paid, on Frank L. Watson, William F. Burns, and William E. Routt, Watson Burns, PLLC, 253 Adams Avenue, Memphis, TN 38103.

*s/Emily Hamm Huseth*
Emily Hamm Huseth